

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2004

# Grine v. Coombs

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Grine v. Coombs" (2004). *2004 Decisions.* Paper 673.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/673

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 03-3028


ROBERT W. GRINE, II; JOANNE D. GRINE; ESTATE OF
MARGARET M. GRINE,

Appellants


v.


RONALD W. COOMBS, Executor of the Estate of WILLIAM R.
COOMBS, DECEASED; BILLIE M. YOST; JACK W. SHRUM; ROTOCAST
PLASTIC PRODUCTS; ESSEX ENVIRONMENTAL INDUSTRIES, INC;
TIONESTA BOROUGH COUNCIL, OF FORREST COUNTY; RONALD HALL,
President of Borough Council, in an individual and official
capacity; SCOTT DAUM, BOROUGH MANAGER OF TIONESTA, in an
individual and official capacity; COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF ENVIRONMENTAL PROTECTION ("DEP"); GARY WOZNIAK,
in an individual and official capacity as an agent of the DEP;
DANIEL HOLLER, Emergency Response Coordinator, Northwest
Region, in an individual and official capacity, as an agent
of the DEP; MICHAEL MCCABE, Regional Administrator, Region
III, U.S. E.P.A.; COLLEEN CALL, in her Official Capacity
Only as Administrator of Tionesta Borough; UNITED
STATES OF AMERICA ENVIRONMENTAL PROTECTION AGENCY


Appeal from the United States District Court
for the Western District of Pennsylvania
(Civ. No. 95-CV-342)
District Judge: Hon. Sean J. McLaughlin


Submitted Under Third Circuit LAR 34.1(a)
May 13, 2004


Before: NYGAARD, McKEE and CHERTOFF,
Circuit Judges

OPINION

McKEE, <u>Circuit Judge</u>.

Plaintiffs claimed that their up-gradient neighbor and others engaged in unlawful disposal practices that resulted in the contamination of their Tionesta Borough, Pennsylvania property.  They sued alleging causes of action under the citizen suit provisions of the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.*, the Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.*, the Comprehensive Environmental Response, Compensation and Liabilities Act, 42 U.S.C. §§ 9601 *et seq.*, as amended by the Superfund Amendments and Reauthorization Act of 1986, as well as the Freedom of Information Act, 5 U.S.C. § 552.  The complaint also asserted state law claims for intentional infliction of emotional distress, trespass, nuisance, strict liability, as well as an alleged violation of the Pennsylvania Hazardous Sites Cleanup Act, 35 PA. STAT. ANN. § 6020.101 *et seq.*

Inasmuch as the district court has already set forth the factual and tortured procedural history of this case, we find it unnecessary to repeat that history here.  We only note that on October 23, 2001, the district court entered a final judgment under Fed.R.Civ.P. 54(b) in favor of the United States Environmental Protection Agency and Donald S. Welsh, Regional Administrator, Region III of the EPA.  Thereafter, the plaintiffs filed a number of improper interlocutory appeals from various orders entered by

2

the district court granting partial summary judgment to certain defendants, granting partial motions to dismiss to certain defendants, and denying plaintiffs' motion to hold the EPA in contempt. Finally, on May 5, 2003, the district court *sua sponte* dismissed all of the plaintiffs' remaining claims against all of the remaining defendants pursuant to Fed.R.Civ.P. 41(b) because of the plaintiffs' failure to prosecute by, *inter alia*, engaging in dilatory conduct and refusing to comply with case management orders. *Grine v. Coombs*, 214 F.R.D. 312 (W.D. Pa. 2003).

In its Memorandum Opinion, the district court exhaustively explained its reasons for granting Rule 54(b) judgment to the Federal defendants, its reasons for entering the other orders noted above, and its reasons for dismissing all remaining claims against the remaining defendants under Rule 41(b). We are in full agreement with the district court's thoughtful and searching analysis. Consequently, we need not engage in a redundant analysis simply to reach the same results.

Accordingly, we will affirm the district court substantially for the reasons set forth in the district court's Memorandum Opinion without further elaboration.[1]

---

[1] Federal Rule of Appellate Procedure 38 provides a remedy of damages for a party who is required to defend a legitimate judgment from a frivolous appeal. We will leave it to the Appellees to determine whether they wish to petition for such an award.

3