

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2004

# Grine v. Coombs

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Grine v. Coombs" (2004). *2004 Decisions.* Paper 201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3028
_____

ROBERT W. GRINE, II; JOANNE D. GRINE; ESTATE OF
MARGARET M. GRINE,

Appellants

v.

RONALD W. COOMBS, Executor of the Estate of WILLIAM R.
COOMBS, DECEASED; BILLIE M. YOST; JACK W. SHRUM; ROTOCAST
PLASTIC PRODUCTS; ESSEX ENVIRONMENTAL INDUSTRIES, INC;
TIONESTA BOROUGH COUNCIL, OF FORREST COUNTY; RONALD HALL,
President of Borough Council, in an individual and official
capacity; SCOTT DAUM, BOROUGH MANAGER OF TIONESTA, in an
individual and official capacity; COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF ENVIRONMENTAL PROTECTION ("DEP"); GARY WOZNIAK,
in an individual and official capacity as an agent of the DEP;
DANIEL HOLLER, Emergency Response Coordinator, Northwest
Region, in an individual and official capacity, as an agent
of the DEP; MICHAEL MCCABE, Regional Administrator, Region
III, U.S. E.P.A.; COLLEEN CALL, in her Official Capacity
Only as Administrator of Tionesta Borough Borough; UNITED
STATES OF AMERICA ENVIRONMENTAL PROTECTION AGENCY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 95-cv-00342E)
District Judge:  The Honorable Sean J. McLaughlin

_____

Submitted Under Third Circuit LAR 34.1(a)
May 13, 2004


Before: NYGAARD, McKEE, and CHERTOFF, <u>Circuit</u> <u>Judges</u>.


(Filed October 21, 2004)

_____

OPINION OF THE COURT
_____


NYGAARD, <u>Circuit</u> <u>Judge</u>.

The United States District Court for the Western District of Pennsylvania, McLaughlin, J., acting *sua sponte,* dismissed Appellants' case with prejudice because of the willful misconduct of Appellants and their counsel. *Grine v. Coombs et al.*, 214 F.R.D. 312, 371 (W. D. Pa. 2003).

In its opinion, the District Court took great care to outline the various ways in which Appellants and their counsel have delayed this case. So, it is unnecessary to repeat them all here. Essentially, after seven years of pre-trial maneuvering in the District Court, Appellant was still unprepared for trial and refused to comply with the District Court's case management schedule. Ultimately, the District Court dismissed the case in its entirety with prejudice. Appellants then filed their eighth appeal. We affirmed. *Grine v. Coombs*, 2004 WL 1179349 *1 (3d Cir. May 28, 2004).

2

This case has languished in the federal court system for more than eight years. During its pendency there have been eight appeals to this court, seven petitions for rehearing, and five petitions for certiorari to the United States Supreme Court. Of the eight appeals brought in this court, all but three have been dismissed in whole or in part as premature, hence it was patent that we lacked jurisdiction. Each petition for reconsideration and petition for certiorari has been denied.

Despite direct orders from us and the District Court, Attorney Haagensen has refused to comply with case management schedules, failed to provide or request discovery, and made no response to Appellees' motions for summary judgment. She has repeatedly used improper litigation techniques and filed improper appeals, ultimately extending this case unnecessarily over an eight-year period. The District Court specifically found that these delays and tactics were not innocent mistakes of judgment by Attorney Haagensen; rather, the District Court determined that her behavior was "willful and not merely negligent or inadvertent." *Grine*, 214 F.R.D. at 369. These findings were fully supported by the record, and in affirming the District Court's order, we adopted much of the learned District Court's reasoning. *Grine*, 2004 WL 1179349 *1.

The Federal Appellees and Borough Appellees now petition for Rule 38 damages, seeking compensation for some of the financial loss they incurred in defending their judgments on appeal. There are three issues before us: Should we award damages? If so, in what amount? And, against whom? We conclude that Rule 38 damages are

3

warranted and we will award them in the amount requested by the Appellees, against counsel for Appellant, Janice Haagensen.

The decision whether to appeal from an order of the District Court is not a matter to be taken lightly. An appeal is a serious matter. Consequently, if an appeal is wholly lacking in merit the rules provide for serious consequences. *Beam v. Bauer*, 2004 WL 2002548, at *1 (3d Cir. Sept. 9, 2004). Attorney Haagensen must now face these consequences.

Federal Rule of Appellate Procedure 38 states that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Although not every dismissal or ruling by a district court is without error, it is the responsibility of counsel, in this case attorney Haagensen, to determine whether an appeal would be frivolous.

Rule 38 damages are not awarded as a punishment or a sanction. *Huck v. Dawson*, 106 F.3d 45, 52 (3d Cir. 1997). Damages are awarded based on the merits of the appeal, without consideration as to whether Appellant acted with malice, ignorance, or deceit. *Beam*, 2004 WL 2002548, at *2. Instead, damages are awarded to compensate a party when they "suffer pecuniary loss by paying attorney fees to defend a valid judgment against a frivolous appeal," because the party is "entitled to be awarded damages as is a victim seeking compensation for any other financial loss incurred by the

4

acts of a tortfeasor." *Id.* Rule 38 serves to make a party whole after it has been forced to expend money to protect a valid judgment in its favor from a meritless appeal. *Id.*

Here, even after a patient and detailed explanation of the procedural history and rationale for the dismissal by the District Court — all fully supported by the record and the law — attorney Haagensen nevertheless filed another appeal. She persists in her misguided argument that the District Court did not have jurisdiction, an argument contradicted by our earlier orders. In sum she fails to provide any reason why the District Court erred.

In addition to requesting attorney's fees from this last appeal, the federal appellees have also requested attorney's fees for two earlier appeals, docketed at numbers 02-3816 and 03-1509. Both of these appeals were clearly from non-final orders, premature, and were dismissed because it was obvious that we lacked appellate jurisdiction. Those appeals were also premised on attorney Haagensen's frivolous argument that the District Court lacked jurisdiction.

In her response to the petition for damages attorney Haagensen does not challenge the propriety of the amount of damages requested,[1] she seems instead to argue

---

1.      Attorney Haagensen failed to address whether *vel non,* Appellees were entitled to damages for the earlier appeals that we dismissed as taken from non-final orders, nor the dollar amounts claimed by appellees' counsel, nor does she provide any argument that the amounts were unjustified. Rather, attorney Haagensen indicated her opinion that the taxpayers should ask for their money back and that the government could learn from the appellants' method of litigation. We note parenthetically that as we will now award the

(continued...)

5

that because the District Court never "certified or sought to certify any of the plaintiff's appeals as frivolous," they could not be frivolous.[2] Secondly, she seems to argue that because we dismissed for lack of jurisdiction there was no decision on the merits of her appeal and thus, presumably, that the appeals could not have been meritless. Third, she argues that the "district court in its [last] order could not and did not have anything to say in regard to the merits of any future appeal. . .", and, "[t]here is no certification as to frivolity [in the District Court's last order] as relates to any appeal whatsoever filed by the plaintiffs." These arguments miss the point.

As appellants' counsel, it is attorney Haagensen's job, and not that of the District Court, to determine when an appeal is proper and what issues would be legitimate on appeal. Moreover, although her statement that "[p]rematurity even if established is not the equivalent of frivolity or lack of merit" is correct, her appeals in this case were so patently premature, they were unquestionably frivolous. Finally, it's not the responsibility of the courts to warn litigants that their appeals "which ha[ve] yet to be filed" lack merit.

Because Appellant has not challenged the amounts of these fees, (nor do we see any need to raise the issue *sua sponte* as there is nothing shocking in the amount and

1.        (...continued)
government lawyers costs and attorney's fees from defending their judgments on appeal, this money will, in fact, be returned to the taxpayers.

2.        Appellants' response to the petition for fees is neither well written nor logically presented, requiring that we try to make sense out of the various statements, claims, and arguments.

the fees do to not appear to be inflated), we will award the amount requested, a total of $44,936.13. Of this amount, $42,317.13 is payable to the Federal Appellees, and $2,691.00 to the Borough Appellees.

The final question is whether we should place the responsibility for paying these costs and fees on the appellants, their attorney, or both. A party is entitled to rely on his or her attorney for sound legal advice. *Beam*, 2004 WL 2002548 at *3. Although a party should also be diligent in pursuing its claims, they are not expected to understand procedure or law to the same extent as their counsel, particularly in the courts of appeal. We have repeatedly placed responsibility for Rule 38 damage awards on counsel when a frivolous appeal is the result of counsel's professional error, and we will do so here. *See e.g., Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993).

It should have been evident to a reasonable attorney that the appeals in this case were frivolous. On five occasions, including two for which we have awarded attorney's fees, the orders appealed from were not appealable. This final appeal followed a carefully written and detailed analysis by the District Court, which attorney Haagensen failed to even address in her brief. She has presented no reason throughout the history of this litigation to demonstrate that the responsibility for these appeals lies anywhere but with her. It is appropriate, therefore, that counsel bear the burden of paying the damages.

One final note: Counsel for the appellant contends that her client is entitled to an evidentiary hearing. We disagree. She has not raised any evidentiary issues. So, no hearing is indicated.

In conclusion, we will award damages to appellees in the amount of $44,936.13, to be paid by Appellant's counsel, attorney Haagensen. Of this amount, $42,317.13 is payable to the Federal Appellees, and $2,691.00 to the Borough Appellees.