NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3775

_____

ROBERT W. GRINE,
Appellant

v.

COLBURN'S AIR CONDITIONING AND REFRIGERATION, INC.; ATTORNEY
STEPHEN E. SELLSTROM; ROBERT L. WOLFGANG, SHERIFF OF FOREST
COUNTY (PA), individually and in official capacity; TAMMY L. MCKEE-SCHWAB,
PROTHONOTARY OF THE COURT OF COMMON PLEAS OF FOREST COUNTY;
WILLIAM F. MORGAN, JUDGE OF THE COURT OF COMMON PLEAS OF
FOREST COUNTY; KAREN REID BRAMBLETT, PROTHONOTARY OF THE
SUPERIOR COURT OF PENNSYLVANIA; NORTHWEST SAVINGS BANK, INC.;
JOHN DOE(1), DEPUTY SHERIFF OF FOREST COUNTY;
JOHN DOE(2) DEPUTY SHERIFF OF FOREST COUNTY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-09-cv-00011)
District Judge:  The Honorable Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed: May 27, 2010)

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the District Court dismissed this matter, concluding that Grine's claims were barred by the *Rooker-Feldman* doctrine. Grine's claims under the Fourth Amendment and his Equal Protection challenges were similarly dismissed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision. *See Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008); *Whiteford v. Reed*, 155 F.3d 671, 672 (3d Cir. 1998) ("Application of the *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction over which we exercise plenary review.").

After a review of the briefs and the record, including the District Court's thorough opinion, we find no error in the District Court's application of FED.R.CIV.P. 12(b). Based on our independent review of the record, we agree with the District Court that this is an "attorney driven case," and that Grine's counsel has attempted to take what the District Court deemed a "garden variety collection case," and turn it into a matter of utmost constitutional significance. Counsel's various Constitutional arguments stem from Grine's initial failure to file a timely notice of appeal from a Pennsylvania district justice's judgment. On Grine's behalf, counsel has sued a Pennsylvania Common Pleas Court judge, two prothonotaries, a Pennsylvania sheriff, two sheriff's deputies, a bank,

2

opposing counsel, and the prevailing plaintiff in the state court case. In addition to the filings in the District Court, counsel has appealed to the Pennsylvania Common Pleas Court, the Superior Court of Pennsylvania and the Pennsylvania Supreme Court. We reject out-of-hand the attempt herein to make a federal case out of Grine's repeated failure to comply with Pennsylvania procedural rules.

Like the District Court, we are concerned about the conduct of Grine's counsel, Attorney Janice Haagensen, in the case. In admonishing Grine's counsel, the District Court cited various provisions of the Pennsylvania Rules of Professional Conduct, which we need not repeat here. The District Court warned Haagensen against pursing this case any further. Yet, Haagensen continued this litigation by filing this appeal.

We have previously admonished Haagensen for "repeatedly us[ing] improper litigation techniques" and for "fil[ing] improper appeals." *See e.g., Grine v. Coombs*, 112 Fed. Appx. 830, 832 (3d Cir. 2004). As evidenced by this appeal, counsel has not heeded our warnings. This appeal is patently frivolous and we will, therefore, affirm this matter for the reasons given by the District Court.[1]

---

[1] Federal Rule of Appellate Procedure 38 provides a remedy of damages for a party who is required to defend a legitimate judgment from a frivolous appeal. We will leave it to the Appellees to determine whether they wish to petition for such an award.