NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1957

_____

JANICE HAAGENSEN,

Appellant,

v.

SUPREME COURT OF PENNSYLVANIA and the following members of the
Court, individually and in official capacities; Hon. RONALD D. CASTILLE,
Chief Justice; Hon. THOMAS G. SAYLOR, Justice; Hon. J. MICHAEL EAKIN,
Justice; Hon. MAX BAER, Justice; Hon. DEBRA TODD, Justice; Hon. SEAMUS P.
MCCAFFERY, Justice; and Hon. JANE CUTLER GREENSPAN, Justice;
DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA and the
following personnel of the Disciplinary Board, individually and in official capacities;
MATTHEW F. BURGER, Panel Chairman; LEONARD J. MARSICO, Panel Member;
PHILIP B. HART, JR., Panel Member; PAUL J. KILLION, Chief Disciplinary Counsel;
PAUL J. BURGOYNE, Deputy Chief Disciplinary Counsel; SAMUEL F. NAPOLI,
Disciplinary Counsel and ELAINE BIXLER, Secretary

_____

On Appeal from the United States District Court
for the
Western District of Pennsylvania
(D.C. Civ. No. 08-01560)
District Judge: Terrence F. McVerry
Submitted Under Third Circuit L.A.R. 34.1(a)
on May 18, 2010

Before: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Opinion Filed:   August 11, 2010   )

-1-

## OPINION OF THE COURT

FUENTES, <u>Circuit Judge</u>:

Attorney Janice Haagensen filed suit in federal district court challenging disciplinary action taken against her by the Supreme Court of Pennsylvania. Haagensen's Complaint contested the Pennsylvania Supreme Court's jurisdiction to discipline her for her actions in a federal court. The District Court adopted the Report and Recommendation of a Magistrate Judge, who had found, inter alia, that Plaintiff failed to state a cause of action. Because we find the appeal patently frivolous and agree with the District Court's decision, we affirm the dismissal of Haagensen's claims.

### I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.[1] On November 15, 2006, the Office of Disciplinary Counsel for the Commonwealth of Pennsylvania filed a Petition for Discipline against Haagensen based on her conduct in *Grine v. Coombs*, 214 F.R.D. 312 (W.D. Pa. 2003), *aff'd*, 98 F. App'x 178 (3d Cir. 2004). According to the

---

[1] These historical facts are drawn from the Appellant's brief, the District Court's decision in this case, *Haagensen v. Supreme Court of Pennsylvania, et al.*, 651 F.Supp.2d 422 (2009), and the opinion in *In re Discipline of Janice S. Haagensen*, No. 09-mc-310, 2010 WL 887366 (W.D. Pa. Mar. 8, 2010), in which the Western District of Pennsylvania entered a reciprocal order administratively suspending Haagensen from the practice of law before that court.

disciplinary complaint and our own review of the case, as detailed in *Grine v. Coombs*, 112 F. App'x 830, 832-33 (3d Cir. 2004), Haagensen refused to comply with court orders from both the District Court and this Court during the course of litigation, failed to provide or request discovery, made no response to a motion for summary judgment, filed improper appeals and petitions for certiorari (most of which were denied for lack of jurisdiction), and willfully delayed the case for over eight years. We ordered her to pay appellee's attorney's fees in the amount of $44,936. *Id.* at 834.

The Petition for Discipline alleged that Haagensen had violated Pennsylvania's Rules of Professional Conduct. Following a hearing before the Disciplinary Board and subsequent appeal to the Pennsylvania Supreme Court, a private reprimand was imposed. The Disciplinary Board subsequently recommended public censure. The Pennsylvania Supreme Court rejected this recommendation and entered an order to show cause why Haagensen should not be suspended for one year and one day. Haagensen never responded and on February 17, 2010 the Pennsylvania Supreme Court entered an order suspending Haagensen for that period. Throughout these proceedings, Haagensen contended that the Disciplinary Board and the Supreme Court of Pennsylvania lacked jurisdiction to enforce sanctions based upon her behavior in federal court.

On November 10, 2008, following the Pennsylvania Supreme Court's imposition of a private reprimand, Haagensen filed an action in the Western District of Pennsylvania against the Supreme Court and other named Defendants, in which she raised a

-3-

"jurisdictional challenge" to the Defendants' actions.[2] Her novel argument essentially boils down to the claim that, by disciplining her for her actions in a federal court, the state disciplinary board violated the Supremacy Clause.[3] On her theory, for which she cites no supporting case law, only the federal courts can punish her for her behavior in a federal court. Haagensen's Complaint includes causes of action alleging violations of (1) her First Amendment rights of access to the courts and free speech, (2) her property interest in employment and her procedural due process rights, (3) her Fourth Amendment right to be free of unreasonable searches and seizures, (4) her right to privacy, and, (5) her right to substantive due process.

The District Court adopted the Report and Recommendation of the Magistrate Judge, who had found that Plaintiff failed to identify a conflict between federal and state regulations, nor had she alleged that the Pennsylvania Supreme Court suspended her from practice in federal court. Accordingly, the court found that Plaintiff failed to state a claim upon which relief could be granted. However, even had a cause of action been pled, the Magistrate Judge concluded that numerous immunity doctrines applied. The Magistrate

---

[2] At the time she filed her Complaint, Haagensen had been directed to pay the costs of investigating and prosecuting the disciplinary matter, but had not yet been suspended.

[3] Haagensen deems it sufficient to cite the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, as her sole support for a range of specific propositions. These include "[f]ederal courts are vested with original and appellate jurisdiction over attorney disciplinary proceedings initiated within the exclusive authority of the federal judiciary," (Appellant's Br. at 10), "the federal interest in protecting federal officials in the performance of their federal duties," (*Id.* at 14), and that "[a] state court most definitely lacks jurisdiction to independently and de novo sanction an attorney for the alleged frivolity of a Petition for Certiorari presented to the United States Supreme Court," (*Id.* at 16).

Judge also cited ample authority for the proposition that a state court can sanction an attorney for conduct in federal court. *See, e.g.*, *Gadda v. Ashcroft*, 377 F.3d 934, 944 (9th Cir. 2004) (rejecting as without merit an attorney's argument that Supreme Court of California lacked jurisdiction to disbar him based on conduct in federal courts); *In re Dennis*, 188 P.3d 1, 13-14 (Kan. 2008) (holding that Kansas Supreme Court possessed jurisdiction to discipline attorney for conduct in federal court).

On September 29, 2009, a panel of this Court filed an order granting the Defendants' motion to be excused from filing a brief.[4] Thereafter, we denied Haagensen's motion to stay the Administrative Suspension Order and Rule to Show Cause Order of the Pennsylvania Supreme Court.[5]

## II.

In her appeal, Haagensen challenges the District Court's decision and in particular its rejection of her Supremacy Clause argument and her allegation that the Pennsylvania judiciary retaliated against her for exercising her First Amendment rights of appeal in a federal forum. We find Haagensen's contentions to be completely without merit and will affirm for the reasons outlined in the Magistrate Judge's thorough Report and Recommendation.

---

[4] In their motion to be excused from filing a brief, the Defendants stated that all claims are barred by doctrines including, inter alia, failure to state a claim, *Rooker-Feldman*, judicial immunity, quasi-judicial immunity, and prosecutorial immunity, the bar on injunctive and declaratory relief for judicial actions, and Eleventh Amendment immunity.

[5] The District Court had subject matter jurisdiction over Haagensen's claims pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

Haagensen also claims that the District Court erred by denying her the right to file an amended complaint, pursuant to Federal Rule of Civil Procedure 15(a). Under the version of Rule 15(a) in effect at the time, a party was permitted to amend a pleading once "as a matter of course" prior to service of a responsive pleading. Fed. R. Civ. P. 15(a) (2008) (amended 2009).[6] Although Haagensen is correct that a motion to dismiss is not a responsive pleading for the purposes of Rule 15(a), she fails to recognize that an amendment is allowed only "up to the point at which the district court grants the motion to dismiss and enters final judgment." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *see also Kauffman v. Moss*, 420 F.2d 1270, 1276 (3d Cir. 1970) ("[S]ince judgment has been entered on the motion to dismiss, appellant no longer has the right to amend his complaint as of course."). Haagensen attempted to file her Amended Complaint on March 27, 2009, long after the District Court granted the Motion to Dismiss on March 3, 2009.[7] After the entry of a judgment

[6] Rule 15(a) was amended effective December 1, 2009, after the relevant District Court orders and Haagensen's attempt to amend. The amended version of Rule 15(a)(1)(B) added language that terminated the right to amend once as a matter of course "21 days after the service of a motion under Rule 12(b), (e), or (f)."

[7] Haagensen argues that because the District Court's order did not include language declaring the case was closed or dismissed with prejudice, it did not constitute a final judgment. We reject this argument. A dismissal, "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19" constitutes an "adjudication on the merits." Fed. R. Civ. P. 41(b); *see Alston v. Parker*, 363 F.3d 229, 232 (3d Cir. 2004). "The classic definition of a 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Morton Intern., Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006) (citation omitted).
 The order on appeal in *Fletcher-Harlee Corp.*, which we plainly considered to be a final judgment, included none of the language Haagensen finds necessary. It merely granted the Defendant's Rule 12(b)(6) motion. *See Fletcher-Harlee Corp. v. Pote*

dismissing a complaint, amendment may be sought only through Federal Rules of Civil Procedure 59(e) and 60(b). *Id.*

To the extent Haagensen contends that the District Court erred in dismissing her Complaint with prejudice and should have granted her leave to amend, we find this contention unavailing. Our precedent states that a district court must allow a curative amendment when a complaint is vulnerable to Rule 12(b)(6) dismissal "unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d. 2008); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Although the District Court failed to note the futility of Haagensen's proposed amendment, our own review of her legal claims and the substance of the proposed Amended Complaint confirms that an amendment would have been futile. Haagensen simply lacks a cognizable legal claim as no conflict exists between the federal and state regulations governing attorney conduct and discipline. This is not the sort of deficiency that could be cured by amendment. Moreover, the parties against whom Haagensen has filed suit are, as the Magistrate Judge's Report and Recommendation carefully delineated, covered by a range of immunity doctrines. The futility of

*Concrete Contractors, Inc.*, 421 F.Supp.2d 831, 834-35 (D.N.J. 2006).

Moreover, although the District Court's order granting the motion to dismiss did not explicitly state that dismissal was with prejudice, we note that the Defendants' motion expressly requested dismissal with prejudice. Haagensen, in seeking to amend, filed what the District Court deemed a "nearly identical Amended Complaint." (App. at 24.) The District Court amended its original order granting the Motion to Dismiss to clarify that the action was dismissed with prejudice. It then dismissed with prejudice as moot the Amended Complaint and the Motion for Emergency Temporary Restraining Order filed with it.

-7-

Haagensen's sought-after amendment is evident and the District Court's denial of amendment was not error.

Haagensen's conduct before this Court and others concerns us. In addition to her suspension from the bar of the Commonwealth of Pennsylvania, she has received reciprocal discipline in the Western District of Pennsylvania. A separate case is pending before the Third Circuit's Standing Committee on Attorney Discipline, *In Re: Janice Haagensen*, Civ. A. No. 10-8013.

Haagensen's manner of practicing law has been described as "vexatious," *Grine*, 214 F.R.D. at 369, and her conduct in pursuing this appeal amply evidences this. Following the panel's decision not to grant oral argument in this matter, she filed an "Emergency Motion to Restore her Right to Present Oral Argument." Haagensen contended that the Court violated Federal Rule of Appellate Procedure 34, which discusses when oral argument is proper. According to Haagensen, the Clerk of Court, in advising the parties that the case would be submitted on the briefs, "reli[ed] on hearsay and closed-door internal operating procedure to inform Appellant that her right to present oral argument has been terminated." (Appellant's Emergency Mot. ¶ 8.) Rule 34 does not state that a panel must place on record its reason for denying oral argument. Moreover, the rule specifically provides for the clerk to advise parties regarding whether oral argument will be scheduled. Haagensen provides no basis for her bold insinuation that the decision not to schedule oral argument was the product of nefarious back-room dealings, rather than the self-evident conclusion that her case did not merit argument.

We find no more persuasive Haagensen's contention, which relies on our order excusing the Appellees from filing a brief, that this "case cannot be submitted, as stated in the Clerk's letter, 'on the briefs,' because only one brief (by Appellant) is before the Court." (*Id.* ¶ 9.) This argument moves an already frivolous case into the realm of the farcical.

The Court is also troubled by the inappropriate language used by Haagensen in addressing this Court and referring to members of this panel. In a Motion for Recusal of Judge Nygaard she alleged that Judge Nygaard "grossly corrupted the record" in a related case and that his "interest in protecting from objective inspection this corruption of the federal record disqualifies him as a judge on the merits panel contemplating Appellant's claims against state court judges." (Mot. for Recusal ¶ 6.) Such baseless allegations, directed at a single member of a panel and relying on the language of an unfavorable decision, are reflective of the undisciplined and unprofessional manner in which Haagensen appears to practice law. Haagensen's Petition for Rehearing in *Grine v. Colburn's Air Conditioning and Refrigeration, et al.*, Civ. A. No. 09-3775, provides further evidence of Haagensen's inappropriate ad hominem attacks. In that Petition, Haagensen contends that Judge Nygaard, the author of our decision in that case, chose to affirm the District Court's judgment "because he believes that federal judges are above the law, and ought to be able to write orders which are not subject to review." *Id.*, Appellant's Pet. for Rehearing, at 9. Finding normal typeface insufficient, Haagensen

proceeds to charge Judge Nygaard with "going outside the record, and off the reservation, WITH A VENGEANCE." (*Id.* at 12. (emphasis in original)).

For the foregoing reasons, we will affirm the District Court. We also refer Haagensen's behavior in this case to the Court's Standing Committee on Attorney Discipline, which is already considering whether to suspend her in this Court. *See* Rule 4.2, *Third Circuit Rules of Attorney Disciplinary Enforcement.*