

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-2004

# Beam v. Bauer

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1874

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Beam v. Bauer" (2004). *2004 Decisions*. Paper 1001.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1001

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 03-1874, 03-2194
_____

BEVERLY BEAM,
                    Appellant,

v.

MARC BAUER; GLENN W. ZEHNER; CAPITAL AREA
INTERMEDIATE UNIT; SCOTT DOWNEY; ROGER MORRISON;
DAVID L. GRAYBILL; MICHAEL SWEGER

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 02-cv-01797)
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2004

BEFORE: NYGAARD and FUENTES, Circuit Judges, and O'NEILL,[*] District Judge.

(Filed February 18, 2004)

_____

[*]      Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

Beverly Beam appeals the District Court's dismissal of her complaint. Beam also contends the District Court erred by imposing sanctions against her under Federal Rule of Civil Procedure 11(c) ("Rule 11"). As this appeal is meritless, we will affirm.

**I.**

Because the facts are known to the parties, and we write only for them, our factual synopsis is brief. Appellee, the Capital Area Intermediate Unit ("CAIU"), contracted with Beam to provide transportation for disabled public school children. For fifteen years, Beam drove a school bus on various routes, including one for deaf children. As an independent contractor, Beam was subject to changing assignments, but she averaged approximately 450 miles per year between 1995 and 2000. Beam alleges that CAIU drastically cut her mileage after 2000 in retaliation for complaints she lodged and a lawsuit she filed regarding new policies she claimed disadvantaged small contractors like herself.

Beam initially sued CAIU's staff in their individual capacities. The District Court dismissed under Rule 12(b)(6), and we affirmed. *Beam v. Downey*, 54 Fed. Appx.

2

113 (3d Cir. 2002). While the first case was pending before us, Beam filed another lawsuit. The new suit was substantially identical, but added CAIU and independent contractors who competed with Beam as defendants and included a few new claims. The District Court dismissed the bulk of the second case on *res judicata* grounds. The Court evaluated the new retaliation and equal protection claims on the merits, but concluded that they too should be dismissed. Therefore, Beam's second case, like the first, was dismissed in its entirety. Upon motion by Appellees, the District Court imposed $4,755 in Rule 11 sanctions against Beam for unreasonably and vexatiously multiplying litigation by filing the second lawsuit.

## II.

Beam appeals the District Court's dismissal of her second lawsuit, and we exercise plenary review. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). Beam also appeals the Rule 11 sanctions. We review a District Court's decision to impose sanctions for an abuse of discretion. *Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000).

On appeal, Beam argues that the District Court erred by (1) applying *res judicata* to her due process, equal protection, civil conspiracy, contract, and First Amendment claims; (2) dismissing her new retaliation and equal protection claims; and (3) imposing sanctions against her. As each issue lacks merit, we will affirm.

The District Court appropriately applied *res judicata* to the due process, equal protection, and civil conspiracy claims. The dismissal of the first suit under Rule

3

12(b)(6) was on the merits, the claims in the second suit mirror those in the first, and CAIU, though not named in the first action, was in privity with its individual staff members, who were the original defendants. *See, e.g., Huck v. Dawson*, 106 F.3d 45, 48 (3d Cir. 1997) (noting that *res judicata* will bar a claim if (1) the earlier judgment is final and on the merits; (2) the claims asserted are the same as those asserted in the earlier action; and (3) the parties are the same as, or in privity with, those in the earlier action). It was also proper for the District Court to apply *res judicata* to Beam's contract and First Amendment claims, as they should have been asserted in her first complaint. *See Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) (noting that *res judicata* applies both to claims previously decided and those the parties might have, but did not, assert in an earlier action).

The District Court did not apply *res judicata* to Beam's new retaliation and equal protection claims. Beam alleges, however, that the District Court erred when it dismissed those claims on the merits. As to the equal protection claim, we conclude that the District Court correctly determined that Beam was not a member of a protected class. Therefore, we evaluate her equal protection claim under the highly deferential "rational basis" standard. *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 433 (3d Cir. 2000). Here, CAIU's policy was rationally related to a legitimate purpose of providing wheelchair-accessible transportation and Beam could not provide such transportation. As even Beam admits, wheelchair accessible vans are more expensive to buy and maintain,

4

so it was reasonable for CAIU to compensate the owners of those vans at a higher rate.

We also conclude, as did the District Court, that Beam's retaliation claim suffers the fatal

flaw of alleging retaliatory conduct before the event that supposedly triggered the

retaliatory motive.  Furthermore, Beam has failed to show even a tentative causal nexus

between her filing the original lawsuit and CAIU's reduction in her mileage.

The District Court's decision to impose sanctions on Beam was proper.  In

her haste to file a second lawsuit, Beam disregarded the then-pending appeal before this

Court.  Beam would have been well-advised to await our opinion, which ultimately

affirmed the result in the first case.  Our result would have put Beam on notice that her

claims lacked merit, apart from any concerns about *res judicata*.  Under the

circumstances, the District Court's decision to grant appellees' motion for sanctions was

not an abuse of discretion.  Fed. R. Civ. P. 11(c).

### III.

For the foregoing reasons, we will affirm.[1]

---

1.      Federal Rule of Appellate Procedure 38 provides a remedy of damages for a party who is required to defend a legitimate judgment from a frivolous appeal.  We will leave it to Appellees to determine whether they wish to petition for such an award.