

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2004

# Beam v. Bauer

Precedential or Non-Precedential: Precedential

Docket No. 03-1874

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Beam v. Bauer" (2004). *2004 Decisions*. Paper 284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

_____

Nos. 03-1874, 03-2194

_____

BEVERLY BEAM,
                         Appellant,

v.

MARC BAUER; GLENN W.
ZEHNER; CAPITAL AREA
INTERMEDIATE UNIT; SCOTT
DOWNEY; ROGER MORRISON;
DAVID L. GRAYBILL;
MICHAEL SWEGER

_____

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

(D.C. Civil No. 02-cv-01797)
District Judge: The Honorable
           Sylvia H. Rambo

_____

Submitted Under Third Circuit
LAR 34.1(a)
January 30, 2004

BEFORE: NYGAARD and FUENTES,
Circuit Judges, and

O'NEILL,[*] District Judge.

(Filed  September 9, 2004)

Donald A. Bailey, Esq.
4311 North 6th Street
Harrisburg, PA 17110
Counsel for Appellant

Melinda B. Kaufmann, Esq.
Stock & Leader
221 West Philadelphia Street
Susquehanna Commerce Center
East Building
York, PA 17404
Counsel for Appellees Bauer, Zehner,
Capitol, and Downey

Kathryn L. Simpson, Esq.
Mette, Evans & Woodside
3401 North Front Street
P.O. Box 5950
Harrisburg, PA 17110-0950
Counsel for Appellee Morrison

Spero T. Lappas, Esq.
Melanie L. Erb, Esq.
Serratelli, Schiffman, Brown & Calhoun
2080 Linglestown Road
Suite 201
Harrisburg, PA 17101-9445
Counsel for Appellees Graybill and
Sweger

_____

*Honorable Thomas N. O'Neill, Jr.,
Senior District Judge for the United
States District Court for the Eastern
District of Pennsylvania, sitting by
designation.

_____

OPINION

_____

NYGAARD, Circuit Judge.

Judge Sylvia Rambo, of the United States District Court for the Middle District of Pennsylvania, found plaintiff/appellant's claim to be barred by the *res judicata* doctrine; she further concluded that the suit was frivolous, and then dismissed it. She also imposed Rule 11 sanctions on plaintiff's attorney, Don Bailey, who was also appellant's counsel on appeal. On Beam's appeal challenging the dismissal and the sanctions, counsel failed to offer any argument, facts, or law to show that the claim was not frivolous, or that the Court had in some way erred. Hence, we affirmed, concluding additionally in our opinion that the appeal was also frivolous. Appellees now ask that we award damages pursuant to Federal Rule of Appellate Procedure 38, to compensate them for the financial loss they incurred defending the dismissal order. The request presents us with three issues: Should we award damages? If so, in what amount? And, against whom? We will award damages in the amounts requested by the various appellees under Rule 38, and against counsel for appellant.

A brief procedural history of this, and an earlier lawsuit filed by Beam, is both instructive and germane to the issue in this motion. Beam has twice brought lawsuits that the District Court summarily

dismissed. The District Court dismissed Beam's first lawsuit for failure to state a claim upon which relief could be granted. We affirmed. *Beam v. Downey*, 54 Fed. Appx. 113 (3d Cir. 2002). But, while the first case was pending on appeal, Beam filed a second suit. The second suit added additional defendants, a few new legal theories, but still contained nothing of substance or merit. In its opinion explaining the dismissal order, the District Court found that Beam's second complaint was "intended to harass, cause unnecessary and needless increase in the cost of litigation, . . . that factual contentions have no evidentiary support . . . that the claims and legal contentions . . . are not warranted by existing law nor by non-frivolous argument for the extension, modification, or reversal of existing law or for the establishment of new law." Memorandum and Order of the District Court (Mar. 25, 2003). The District Court also ordered Beam's attorney, Don Bailey, and his law firm to pay Rule 11 sanctions to the appellees. These findings and conclusions were fully supported by the record, so we affirmed. *Beam v. Bauer*, 88 Fed. Appx. 523 (3d Cir. 2004).

The decision whether to appeal from an order of the District Court is not a matter to be taken lightly by either a losing party or her counsel. An appeal is not just the procedural next step in every lawsuit. Neither is it an opportunity for another "bite of the apple," nor a forum for a losing party to "cry foul" without legal or factual foundation. An appeal is a serious matter because it is a claim of error by the

2

District Court and an attack on the validity of its order. Consequently, if the appeal is wholly lacking in merit, there are consequences. Appellant herein now must face them.

Rule 38 states that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Of course, we recognize that not every claim dismissed as frivolous is frivolous. District Courts occasionally err. Nonetheless, we state with equal emphasis that an appeal from a frivolous claim is likewise frivolous. *See A-Abart Elec. Supply, Inc. v. Emerson Elec. Co.*, 956 F.2d 1399, 1407 (7th Cir. 1992). It is counsel's responsibiliy to make the distinction.

Although often mistakenly referred to as both, an award under Rule 38 is neither a sanction nor a punishment. *Huck v. Dawson,* 106 F.3d 45, 52 (3d Cir. 1997) ("Rule 38 is not a sanctions provision."). Nor is appellant's intent a consideration. Appellant is like any other tortfeasor. It does not matter whether she filed this appeal out of malice, ignorance, or deceit; it is the merit of her argument on appeal that determines whether she carries the day. It is not a punitive provision. "Damages [under Rule 38] are awarded by the court in its discretion . . . as a matter of justice to the appellee." *See Hilmon Co. (V.I.) Inc. v. Hyatt Int'l*, 899 F.2d 250, 253

(3d Cir. 1990) (citing the Advisory Committee Note to Rule 38).

The rationale of Rule 38 is simply that when parties suffer pecuniary loss by paying attorney fees to defend a valid judgment against a frivolous appeal, they are as entitled to be awarded damages as is a victim seeking compensation for any other financial loss incurred by the acts of a tortfeasor. It is a rule designed to make whole a party victimized by needlessly having to expend money for attorney fees to protect a valid judgment from a baseless attack. That is precisely what has happened in this matter.

Recently, when discussing Rule 38 damages, we cautioned counsel that a finding by a District Court that a lawsuit is frivolous should serve as notice to the parties and their attorney to exercise caution, pause, and "devote additional examination to the legal validity and factual merit of his contentions." *Huck*, 106 F.3d at 52. Here, despite many cues from us and the District Court that her cause was wholly meritless, Beam and her counsel have persisted before the District Court and again before us. Additionally, as we noted in our opinion in *Beam v. Bauer*, "[i]n her haste to file [this] lawsuit, Beam disregarded the then-pending appeal before this Court. Beam would have been well-advised to await our opinion, which ultimately affirmed the result in the first case." 88 Fed. Appx. 523, 526 (3d Cir. 2004). Our affirmation of the District Court's first dismissal was lost on counsel, who had already filed the second suit. Had counsel been paying attention, our result

3

could have given him notice of the fact that he had failed to discern on his own; that his client's claims were wholly without legal or factual substance. We thus will award damages to appellees.

In her response to the request for damages, Beam does not raise an issue as to the propriety of the amount of damages requested. Moreover, because this is a damage issue, and because there is neither anything shocking in the amount requested, nor do the fees appear at all inflated, there is no need for us to raise an issue as to the amount *sua sponte*. Simply stated, appellees have incurred costs and expenses defending a valid judgment against a frivolous appeal, and are entitled to be made whole. Hence, we will award damages in the amount expended by appellees.

Having decided that both the claim for fees and the statement *ad damnum* are proper, we must determine whether to place the responsibility for payment with Beam, her counsel, or both. Beam "had a right to rely upon [her] attorney for sound advice." *Hilmon*, 899 F.2d at 254. Although an unrepresented litigant should not be punished with damages for his failure to appreciate legal subtleties in legal arguments, *Hughes v. Rowe,* 449 U.S. 5, 15 (1980), we have consistently held represented clients, and specifically their counsel, to a higher standard. Moreover, because it would be unfair to charge a damage award against a party who has relied upon her counsel's expertise in deciding whether to appeal, we have routinely imposed Rule 38

damages upon counsel when a frivolous appeal stems from counsel's professional error. *See Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993); *see also A-Abart*, 956 F.2d at 1407.

In *Hilmon* we set this standard:

[A]ttorneys have an affirmative obligation to research the law and to determine if a claim on appeal [has merit]. We conclude that if counsel ignore or fail in this obligation to their client, they do so at their peril and may become personally liable to satisfy a Rule 38 award. The test is whether, following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous.

*Hilmon,* 899 F.2d at 254.

In this case it would have been obvious to a reasonable attorney that an appeal from the District Court's order was frivolous, unless he had law or facts to support a conclusion that the District Court judge had erred. By failing to appreciate this, Beam's counsel exposed himself to personal liability for Rule 38 damages. Moreover, in his response to the motion for damages, counsel presents no reason to conclude that the responsibility for the appeals lies anywhere but with him. Hence, we conclude that it is appropriate that counsel bear the burden of paying the damages.

4

Finally, counsel for Beam contends in a motion to strike the appellees' Rule 38 motion that Beam is entitled to an evidentiary hearing. We disagree. In her response to the motion for Rule 38 damages, Beam raises no evidentiary issues that would indicate to us any need for a hearing to find facts. We will deny Beam's motion to strike.

In sum, and upon consideration of the appellees' motions, the appellant's opposition thereto, and a thorough review of the record, we will award damages to appellees' in the amounts requested, all in accord with the attached order.