

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# O'Brien v. Valley Forge Spec

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"O'Brien v. Valley Forge Spec" (2006). *2006 Decisions.* Paper 1305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4278

JOHN J. O'BRIEN, III, TRUSTEE ON BEHALF OF MINOR-PLAINTIFFS;
JOHN JOSEPH O'BRIEN, IV; DANIELLE O'BRIEN; BRIANA O'BRIEN;
SIMONE O'BRIEN,
Appellants

v.

VALLEY FORGE SPECIALIZED EDUCATION SERVICES
d/b/a THE CROSSROADS SCHOOL
(D.C. Civil No. 03-cv-03984)

No. 04-4440

JOSEPHINE O'BRIEN, MOTHER AND PARENT ON BEHALF OF
MINOR-PLAINTIFFS, SIMONE O'BRIEN, BRIANA O'BRIEN, DANIELLE
O'BRIEN AND JOHN JOSEPH O'BRIEN, IV,
Appellant

v.

VALLEY FORGE SPECIALIZED SERVICES CORPORATION
doing business as THE CROSSROADS SCHOOL
(D.C. Civil No. 03-cv-05695)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
District Judge:  The Honorable R. Barclay Surrick

Submitted Under Third Circuit LAR 34.1(a)

March 30, 2006

Before: McKEE, BARRY and VAN ANTWERPEN, Circuit Judges

(Opinion Filed: April 6, 2006)

OPINION

BARRY, Circuit Judge

Appellants John J. O'Brien, III, and Josephine O'Brien, through their counsel John J. O'Brien, Jr., brought separate suits in the United States District Court for the Eastern District of Pennsylvania on behalf of their minor children, Simone, Briana, Danielle, and John Joseph ("J.J."), against Valley Forge Specialized Educational Services, which does business as The Crossroads School ("Crossroads"). In short, the O'Briens claimed that Crossroads wrongfully seized assets found in their children's bank accounts. The complaints were dismissed, and the O'Briens aver that the "sole question" on appeal "relates to [the] seizure of [their] children['s] . . .bank accounts." We will affirm.[1]

**I.**

J.J. was a student at Crossroads for four years. The O'Briens, unhappy with the

---

[1] Our review of the District Court's grant of Crossroads' motions to dismiss is plenary. "In reviewing the motion to dismiss, we must accept as true all facts alleged in the complaint and view them in the light most favorable to" the O'Briens. *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 266 (3d Cir. 2005).

services being provided by Crossroads, enrolled him in a public school for the 1999-2000 academic year. They refused, however, to pay Crossroads the entire sum of tuition charged for the final year at Crossroads. Crossroads sued the O'Briens in Pennsylvania state court to recover the unpaid tuition. It prevailed, and the court entered judgment on February 5, 2002 for $15,134.00, the full amount of the outstanding tuition. The O'Briens appealed. The Pennsylvania Superior Court quashed the appeal, which it described as "rambling" and "largely incomprehensible."[2] (A70, 04-4278)

When they appealed, the O'Briens failed to post a bond to stay execution of the judgment. *See* Pa. R. Civ. P. 3121(a) (providing for a mandatory stay of execution, *inter alia*, "upon the entry of bond with the prothonotary, in the amount of plaintiff's judgment, including probable interests and costs, or in such lesser amount as the court may direct . . ."). Consequently, Crossroads executed on the judgment, obtaining and serving three writs of attachment on bank accounts at the First Union National Bank on March 13, 2002. In response, the O'Briens filed a motion to vacate and set aside the attachment and levy in the Pennsylvania Court of Common Pleas, contending that they received improper notice and that assets of their children were seized, raising wholly state law grounds for relief. (A33-34) The court dismissed the motion, and the O'Briens appealed again

_____

[2] Crossroads also represents that "[a]t least three other appeals to the Pennsylvania Superior Court by the O'Briens arising out of the same subject matter have been either affirmed or dismissed." (Appellee's Br. at 2 n.1.)

without posting a bond. The Superior Court affirmed the dismissal. (A73, 04-4278)[3]

The O'Briens were not deterred. John J. O'Brien, III, filed a complaint in federal court on July 3, 2003, later amended, and Crossroads moved to dismiss the complaint on August 5, 2003. The District Court, observing that the complaint was "not a model of clarity," discerned that the "primary claim appear[ed] to be that the attachment of the minor Plaintiffs' bank accounts without prior notice violated their Due Process rights under the Fourteenth Amendment." (A7, 04-4278) O'Brien also "assert[ed] a number of state law grievances," (*id.*), ultimately requesting that the attachment and levy be set aside and the assets returned. The District Court did not need to reach the question of whether the children's assets were wrongfully attached, dismissing the case on alternative grounds; the claims were barred both by the *Rooker-Feldman* doctrine, as well as by res judicata.

Josephine O'Brien brought a separate suit in the District Court, "aris[ing] out of exactly the same circumstances . . . ," (A3, 04-4440), and claiming violations of the Fourteenth Amendment and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. seq.* The District Court dismissed that action as well under *Rooker-Feldman*,[4] and warned counsel about the potential consequences of persisting to press

---

[3] The Pennsylvania Supreme Court declined to hear the case.

[4] The District Court also dismissed the FDCPA claim "[b]ecause no relief could be granted under the FDCPA for any set of facts consistent with the allegations contained in Plaintiffs' complaint." (A9-10, 04-4440)

4

legal claims arising out of these events. (A11, 04-4440 ("We caution Plaintiffs' counsel that in light of this decision and our earlier decision in *O'Brien v. Valley Forge Specialized Educ. Servs. Corp.*, . . . any future complaints regarding the subject matter of this litigation may very well run afoul of Fed. R. Civ. P. 11, warranting the imposition of sanctions."))

Again undeterred, the O'Briens appealed to this Court. The appeals were referred to the Appellate Mediation Program. A representative of that program inquired of the bank and received confirmation that the children's bank accounts were intact. The O'Briens concede in their brief that their children's "bank accounts had never been seized." (Appellants' Br. at 5.) Nonetheless, they press on, contending that the investigation revealed a seizure by Crossroads of $661.44 "which was in excess of the judgment debt the school had obtained in the sum of [$15, 134.00]." (*Id.*)

## II.

We need not linger long over these appeals. The O'Briens do not challenge the District Court's *Rooker-Feldman* analysis nor its application of the doctrine of res judicata. The arguments have been waived. Moreover, the "sole question" on appeal, as the O'Briens and their counsel frame it, is the propriety of the seizure of the children's bank accounts. No such seizure occurred, as they now concede, requiring affirmance in any event.

As it was never raised in the District Court, the argument centering on the $661.44

5

is not before us. We also note that apparently the $15,134.00 is still owed, along with interest, to Crossroads. In short, in addition to not being preserved for appellate review, the claim is of dubious merit.[5]

## III.

This litigation, and its "tortured history," (Appellee's Br. at 2), should have long since ended. The O'Briens and their counsel have not been deterred by the quashing of their initial state appeal by the Pennsylvania Superior Court, nor by the subsequent losses in the state forum, nor by the District Court's alternative grounds for dismissing their complaints and its reference to Rule 11, nor, remarkably, even by their own admission that the bank accounts "had never been seized," (Appellants' Br. at 5), the "sole question" presented on appeal. (*Id.* at 2.)

This persistence in pressing appellate arguments utterly lacking in merit calls to mind Federal Rule of Appellate Procedure 38. *See id.* ("If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."). *Cf. Beam v. Bauer*, 383 F.3d 106, 109 (3d Cir. 2004) ("[D]espite many cues from us and the District Court that her cause was wholly meritless, Beam and her counsel have persisted before the District Court and again before us."). Crossroads seeks

---

[5] The O'Briens raise other arguments in a haphazard manner, none of which will be or need be addressed here.

6

Rule 38 damages in their brief,[6] a request to which the O'Briens have not replied, but have not filed a separate motion. "We will leave it to [Crossroads] to determine whether they wish to petition for such an award." *Beam v. Bauer*, 88 Fed. Appx. 523, 526 n. 1 (3d Cir. 2004) (unpublished); *see Beam v. Bauer*, 383 F.3d 106, 110 (3d Cir. 2004) (awarding Rule 38 damages).

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] Crossroads contends that we have "the discretion to sanction a party for bringing a frivolous appeal." (Appellee's Br. at 14.) "Although often mistakenly referred to as both, an award under Rule 38 is neither a sanction nor a punishment . . . The rationale of Rule 38 is simply that when parties suffer pecuniary loss by paying attorney's fees to defend a valid judgment against a frivolous appeal, they are as entitled to be awarded damages as is a victim seeking compensation for any other financial loss incurred by the acts of a tortfeasor." *Beam v. Bauer*, 383 F.3d 106, 108 (3d Cir. 2004).