BLD-159                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1526
_____

RORY M. WALSH,
individually; and as Natural Guardian of C.R.W., a minor,

v.

DR. ROBERT KRANTZ; MRS. SHARI YOUNG;
MRS SUE CATHCART; MRS KEENEY; MRS KELLY
HEISEY; UNKNOWN DALLASTOWN STAFF MEMBER;
DR. STEWART WEINBERG; DALLASTOWN AREA
SCHOOL DISTRICT; CATHY STONE; GREG ANDERSON,

RORY M WALSH, individually; and as Natural
Guardian of C.R.W; *S.J.W., Appellants.

* (Pursuant to Rule 12(a), F.R.A.P.)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 07-cv-00616)
District Judge: Christopher C. Conner
_____

Submitted on a Motion for Summary Affirmance
April 7, 2011

Present: SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 18, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Rory M. Walsh filed a civil action pro se in the United States District Court for the Middle District of Pennsylvania against the Dallastown Area School District and a number of its officials and staff members. Walsh filed the action on behalf of himself individually and his son, C.R.W., a Dallastown Area Middle School student. The District Court dismissed several counts in the complaint pursuant to a Rule 12(b)(6) motion filed by the defendants. Walsh was granted leave to amend and he filed an amended complaint adding new counts. The defendants moved to dismiss the amended complaint, and the District Court then dismissed several more counts. Discovery ensued. Walsh deposed several of the defendants and the defendants deposed Walsh. At the conclusion of discovery, the remaining defendants moved for summary judgment pursuant to Rule 56(c). After the Magistrate Judge filed a Report and Recommendation, the District Court, in an order and judgment entered on December 18, 2009, granted the defendants' motion, and granted judgment in favor of the defendants.

Walsh appealed (C.A. No. 10-1217), and, after the appeal was fully briefed, we affirmed on July 12, 2010. Walsh then filed a petition for rehearing en banc, which we denied, and a motion for a remand, which he then corrected. Walsh questioned whether we had authority to rely on parts of the district court record not included in the appendix. In denying his motion to remand, we noted that Federal Rule of Appellate Procedure 30(a)(2) permits us to review the entire district court record in determining whether to uphold a judgment. Walsh then filed a second motion for a remand, challenging our interpretation of the federal appellate rules. We denied that motion with a note stating that we would not accept any further submissions. Walsh filed a petition for writ of

2

certiorari in the United States Supreme Court, which was denied on December 6, 2010. The Supreme Court denied Walsh's petition for rehearing on January 24, 2011.

On January 28, 2011, Walsh filed a motion in the district court to reopen the judgment, in which he alleged "criminal actions" on the part of counsel for the defendants, and "recent actions" by the Dallastown Solicitor. Specifically, Walsh alleged that appellees' counsel, James W. Gicking, Esquire, "chopped up" his appeal in this Court and planted and suppressed evidence, and that Gicking had admitted to doing so to disciplinary counsel for the state supreme court, see Motion, at ¶ 4. Walsh alleged that Gicking locked his filings and removed exhibits from the electronic case filing system at the Third Circuit, see id. at ¶ 5. Last, Walsh alleged that Gicking used a deceased New York attorney's name on his brief in opposition to Walsh's petition for writ of certiorari before the United States Supreme Court, see id. at ¶ 6. Walsh alleged that Dallastown Solicitor, Jeffrey L. Rehmeyer, tried to serve documents on him personally despite the fact that Rehmeyer is represented by counsel. See Brief in Support of Motion to Reopen, at 8.

The defendants filed a response in opposition to reopening the judgment, in which Gicking specifically addressed and denied Walsh's allegations and factual assertions as specious.

In an order entered on February 14, 2011, the District Court denied Walsh's motion to reopen the judgment, and indicated, as we did on appeal, that it would accept no further filings in the matter seeking to reopen or reconsider the judgment.

Walsh appeals. Following the docketing of his appeal and prior to any briefing, the appellees filed a motion for summary affirmance, in which they have also requested

3

Rule 38 costs. Walsh has filed a written response in opposition to summary action and Rule 38 costs.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. We review the denial of a Rule 60(b) motion for an abuse of discretion. See, e.g., Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999). "The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Bougher v. Secretary of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978). Rule 60(b) sets forth exceptions to finality that permit a party to seek relief from a final judgment under a specific set of circumstances. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. We note as a threshold matter that the District Court properly considered Walsh's motion to reopen under Federal Rule of Civil Procedure 60(b). None of the rules or decisions cited by Walsh provide a basis for reopening the judgment pursuant to a motion filed in the district court. Only Rule 60(b) serves that purpose in Walsh's case, and he thus must comply with the requirements of the rule. In addition, the District Court properly determined that Walsh's motion was untimely under the first three grounds for Rule 60(b) relief because it was not filed within one year of the District Court's summary judgment. See Rule 60(c)(1)(A) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding"); Moolenaar v.

4

Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (two years not "reasonable time" for 60(b) purposes). The District Court properly determined that grounds four and five plainly do not apply to Walsh's allegations.

We conclude that no substantial question is presented by the District Court's determination that no extraordinary circumstances justifying relief under subparagraph (b)(6), the "catch all" provision of Rule 60, are presented by Walsh's current allegations. Relief is available only when the case presents extraordinary circumstances. See, e.g., Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977). Walsh's allegations against Gicking and Rehmeyer concern conduct in our Court and the United States Supreme Court during the course of Walsh's appeal. These allegations of post-judgment conduct, as a matter of fact, have no relevance to the District Court's determination that the defendants were entitled to summary judgment.[1] Walsh's allegation that Carol Stein lied at her deposition may be considered in determining whether the summary judgment should be reopened under Rule 60(b)(6), but neither Walsh's personal belief that Stein's testimony was false nor the police report he believes corroborates his allegation establishes that extraordinary circumstances warrant reopening the judgment.

The appellees contend in their motion for summary affirmance that Walsh's appeal from the District Court's order denying his motion to reopen the judgment is plainly frivolous, and thus we should award costs pursuant to Rule 38, Fed. R. App. Pro.

---

[1] In any event, we agree with the District Court's observation in the margin that Walsh's evidence did not support his contentions that Gicking "hacked the Third Circuit ECF filing system and locked Walsh out or chopped up his filings;" admitted misconduct in a disciplinary proceeding; and filed a brief under the name of a deceased attorney, or his contention that Rehmeyer violated his constitutional rights. See District Court Memorandum, at 6-7 n.2.

5

The appellees have complained about Walsh's specious accusations, including, for example, his fabricated and untruthful claim that Gicking used the name of a deceased attorney to file his response to the petition for writ of certiorari. The appellees also complain about the expense of defending this appeal. Walsh has responded by, among other things, noting that he has two children to support, and that costs were awarded against him in his last appeal (which we note was *not* frivolous), and yet the appellees never filed a bill of costs. See generally LAR 39.4(a) ("The court will deny untimely bills of cost unless a motion showing good cause is filed with the bill.").

We will deny the request for damages without prejudice. "If a court of appeals determines that an appeal is frivolous, it may ... award just damages and single or double costs to the appellee." Fed. R. App. Pro. 38. Damages are awarded based on the merits of the appeal; we do not consider whether an appellant has acted "out of malice, ignorance, or deceit." Beam v. Bauer, 383 F.3d 106, 108 (3d Cir. 2004). Rule 38 serves "to make whole a party victimized by needlessly having to expend money for attorneys fees to protect a valid judgment from a baseless attack." Id. Although we agree with the appellees that Walsh has persisted in his misguided arguments and specious factual assertions, and that this appeal is frivolous, the appellees were able to use our summary action procedure to good effect and will not have to file a brief. However, should Walsh file any frivolous post-decision motions in this appeal, the appellees may, in any response in opposition, renew their request for attorneys' fees. They should specify the amount of the fees requested so that we may impose an order without further delay.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Walsh's motion to reopen the judgment. The appellees' Rule 38 request for costs is denied without prejudice.