**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2078
_____

ROBERT REILLY,
Appellant

v.

LEHIGH VALLEY HOSPITAL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-09-cv-05816)
District Judge: Honorable Henry S. Perkin

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 21, 2012

Before:  McKEE, *Chief Judge*, SLOVITER, and VANASKIE, *Circuit Judges.*

(Opinion Filed:  March 29, 2013)

_____

OPINION

_____

VANASKIE, *Circuit Judge.*

Appellant Robert Reilly appeals from the District Court's order granting summary

judgment in favor of defendant Lehigh Valley Hospital ("LVH") on Reilly's disability

discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-

963. LVH has moved on appeal for damages pursuant to Rule 38 of the Federal Rules of Appellate Procedure. For the following reasons, we will affirm the judgment of the District Court and deny LVH's Rule 38 motion.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

Robert Reilly was employed by LVH as a part-time Security Officer from August, 2006, until May 2, 2008. After receiving a conditional employment offer, Reilly completed and signed a six-page employee health information form (the "Employment Form") as part of LVH's hiring process. The final two questions on the Employment Form inquired: "Have you ever been recognized as or diagnosed with alcoholism or drug addiction? Have you ever been or are you now being treated for alcoholism or drug addiction? . . . If so, specify type of treatment[.]" (J.A. 143.) Reilly answered "no" to both questions, and left blank the follow up inquiry requesting specification of the type of treatment. A handwritten note underneath the questions reads: "denies drug/alcohol addiction."[1] (J.A. 143.) Reilly signed the Form subject to the condition that "falsifying of this information could result in withdrawal of the employment offer or if subsequently discovered termination of [his] employment." (J.A. 144.)

After completing his over-night shift on April 4, 2008, Reilly returned to LVH on April 5, 2008 and was admitted to the Emergency Room to receive treatment for an eye

_____

[1] Reilly testified that he did not write this note and does not recall who did.

injury he believed he sustained on the job.  Reilly disclosed to the treating physician that

he has a history of narcotics use and is a recovering drug addict.  The treating physician

noted this history on the Emergency Department Physician Clinical Report:  "History of

drug use: narcotics.  Is a recovering addict."  (J.A. 146.)

Following the April 5, 2008, hospital visit, the Emergency Room sent the Clinical

Report to the LVH Employee Health Services Department.[2]  The Health Services

Department, in turn, notified the LVH Human Resources Department of Reilly's

admission that he is a recovering addict and alerted the Department that Reilly had not

been truthful on the Employment Form.

On May 2, 2008, LVH terminated Reilly's employment.  The personnel report

prepared in conjunction with his termination explained the basis for the employment

action:

> During a recent visit to our E.R. to evaluate an injury you had
> received, it was discovered that you had provided information
> that indicated you were a recovering addict.  In a review of
> your pre-employment record, however, you denied any
> addiction to drugs or alcohol.  [LVH] considers the failure to
> disclose this information as dishonesty, and per our
> Counseling and Discipline policy, 2000.40, we are
> terminating your employment effective immediately . . . .[3]

---

[2]  "[W]hen a LVH employee sustains a possible work-related injury and is treated by LVH healthcare provider(s), the medical treatment records of the LVH-treated employees are routinely furnished to the [Health Services Department], which manages and administers workers' compensation issues . . . ."  (J.A. 148.)

[3]  Policy 2000.40 provides that "[i]mmediate discharge may occur" for enumerated infractions, including "[d]ishonesty."  (J.A. 153.)

3

(J.A. 150.)  In the section of the report reserved for employee comments, Reilly wrote: "I do not recall intentionally withholding or denying any facts about myself."  (J.A. 150.)

On November 9, 2009, Reilly filed suit against LVH in the Court of Common Pleas of Lehigh County, Pennsylvania, alleging disability-based employment discrimination in violation of the ADA and PHRA.  LVH removed the action to the United States District Court for the Eastern District of Pennsylvania and moved for summary judgment.  *See Reilly v. Lehigh Valley Hosp.*, No. 09-CV-5816, 2012 WL 895459, at *1 (E.D. Pa. Mar. 15, 2012).

In deposition testimony given in connection with the suit, Reilly testified that he is a recovering alcoholic and narcotics addict who attended, and still attends, Alcoholics Anonymous ("AA") and Narcotics Anonymous ("NA") meetings several times each week.  Reilly further testified that in 1995, following a conviction for DUI in Pennsylvania State court, he attended approximately forty hours of programs at a Livengrin drug and alcohol treatment facility as a condition of his participation in the court's Accelerated Rehabilitative Disposition program.

When asked if he had "ever received any medical care, therapy, or counseling for drug issues," Reilly testified: "Other than Livengrin, no."  (J.A. 64.)  Reilly explained that he does not consider himself to have received addiction treatment at Livengrin because no change occurred in his substance abuse behavior.  He considers his time at Livengrin simply to have been "fulfil[lment] of a requirement of the state and that's it." (J.A. 66.)

4

On March 15, 2012, the District Court granted LVH's summary judgment motion on Reilly's disability discrimination claims under the ADA and PHRA. Reilly timely appealed.[4] LVH later moved for attorneys' fees and double costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure. To date, Reilly has not filed a response to LVH's Rule 38 motion.

## II.

The District Court had subject matter jurisdiction over Reilly's ADA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claim under 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## A.

Reilly first argues that the District Court erred in granting summary judgment for LVH, asserting that LVH violated § 12112(d)(3) of the ADA by disclosing Reilly's medical records to the Human Resources Department after his visit to the LVH Emergency Room for treatment for a work-related injury. Significantly, Reilly did not present an improper medical disclosure claim in his complaint. Nor did he oppose the LVH summary judgment motion on this ground in the District Court.[5]

---

[4] The District Court also granted summary judgment on Reilly's claim for improper medical inquiry in violation of § 12112(d)(2) of the ADA. *See Reilly*, 2012 WL 895459, at *7-10. On appeal, Reilly contends that he never raised such a claim. Because Reilly does not appeal this portion of the District Court's decision, we need not address the District Court's findings with respect to § 12112(d)(2).

[5] As LVH points out, in his deposition testimony, Reilly expressly disclaimed a cause of action for improper medical disclosure under the ADA or any other statutory scheme. (J.A. 82.) Furthermore, Reilly did not oppose LVH's motion in limine "to

"It is well established that failure to raise an issue in the district court constitutes a waiver of the argument." *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991). Thus, Reilly is precluded from arguing on appeal that LVH violated § 12112(d)(3) by sharing his medical records among Hospital departments. *See Cady v. Twin Rivers Towing Co.*, 486 F.2d 1335, 1337 (3d Cir. 1973).

B.

Reilly also challenges the District Court's grant of summary judgment on his claims for disability discrimination in violation of the ADA and PHRA. We apply a *de novo* standard of review to grants of summary judgment, "applying the same standard as the district court." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). "Viewing the facts in the light most favorable to [Reilly], we must determine whether there was a genuine issue of material fact, and, if not, whether [LVH] was entitled to judgment as a matter of law." *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006).

We apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to claims under the ADA.[6] *See Shaner v. Synthes (USA)*, 204 F.3d 494, 500 (3d Cir. 2000). First, we must consider whether the plaintiff can establish a *prima facie* case. To make out a *prima facie* case of disability discrimination under the ADA, a plaintiff must establish that he or she: (1) has a "disability" or is

---

preclude references to alleged HIPAA violations by the Defendant" related to the disclosure of his medical records. (S.A. 61.).

[6] The same analytical framework governs discrimination claims under the ADA and PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).Therefore, our analysis of Reilly's ADA claim applies equally to his PHRA claim. *See id.*

regarded as having a "disability"; (2) is otherwise qualified to perform the essential functions of the job; and (3) has suffered an adverse employment action because of his disability. *See id.* Once the plaintiff makes out a *prima facie* case of disability discrimination, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant satisfies this burden, the plaintiff is then "afforded a fair opportunity to show that [the defendant's] stated reason for [the adverse employment action] was in fact pretext." *Id.* at 804.

The District Court concluded that, even assuming Reilly established a *prima facie* case of disability discrimination, LVH articulated a legitimate, nondiscriminatory reason for terminating Reilly – his dishonesty on the Employment Form – and Reilly failed to satisfy his burden of adducing sufficient evidence to show this reason was pretextual. *See Reilly*, 2012 WL 895459, at *4-7. Reilly contends that he met his burden of showing that LVH's reason for terminating him was pretextual. The only evidence of pretext Reilly points to on appeal, however, is that "he answered truthfully with regards to whether he ever received treatment for alcoholism or drug abuse, as he believed treatment at Livegrin [sic] was mandatory for his previous DUI." (Appellant's Br. 17.)

Reilly's belief that he answered the pertinent inquiries truthfully is not the determinative factor. The question is whether the decision maker at LVH could regard Reilly's responses as dishonest. The answer to that question is resoundingly, "yes." The undisputed evidence establishes that Reilly received forty hours of drug and alcohol addiction treatment at Livengrin, and that he regularly attended, and still attends, AA and

NA meetings.  Furthermore, Reilly admitted during his deposition testimony that he is a recovering alcoholic and drug addict.  Nonetheless, Reilly answered "no" to questions on the Employment Form inquiring if he had ever been or currently was "recognized as," "diagnosed with," or "treated for alcoholism or drug addiction."  (J.A. 143.)

Given this undisputed evidence, Reilly's bare assertion that he completed the Employment Form truthfully because he believed the purpose of the treatment at Livengrin was to resolve his DUI charge, not treat his addictions, is insufficient "to permit a factfinder either to disbelieve [LVH's] articulated reasons, or to conclude that discrimination on account of disability was the real reason" for Reilly's termination. *Shaner*, 204 F.3d at 502.  Accordingly, we hold that the District Court did not err in granting LVH summary judgment on Reilly's disability discrimination claims under the ADA and PHRA.

## C.

Finally, we turn to LVH's motion for attorneys' fees and double costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure.  Pursuant to Rule 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. App. P. 38.

According to LVH, Reilly's appeal is frivolous because of the differing theories of liability raised in his complaint, summary judgment opposition brief, and appellate brief. LVH further argues that the appeal is frivolous because Reilly waived his argument that LVH violated § 12112(d)(3) by failing to present this argument to the District Court, and

because both Reilly and his counsel previously disavowed a claim for improper medical disclosure on the record.

"Although often mistakenly referred to as both, an award under Rule 38 is neither a sanction nor a punishment." *Beam v. Bauer*, 383 F.3d 106, 108-09 (3d Cir. 2004) ("[Rule 38] is . . . designed to make whole a party victimized by needlessly having to expend money for attorney fees to protect a valid judgment from a baseless attack."). "We only impose damages under Rule 38 when an appeal is wholly without merit," i.e. when there is no "colorable argument" in support of the appeal. *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs.*, 951 F.2d 1399, 1413 (3d Cir. 1991). In determining whether an appeal is frivolous, we "employ an objective standard." *Id.*

We cannot say that there is no colorable argument in favor of Reilly's appeal such that "there was no possibility of success." *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993). Although Reilly waived any arguments related to an improper medical disclosure claim by failing to present them to the District Court, his arguments related to his disability discrimination claims, while only "tenuously arguable," are not "wholly without merit." *Nagle*, 8 F.3d at 145 (citation omitted) (internal quotation marks omitted). Thus, because Reilly presented at least one colorable argument, Rule 38 damages are not warranted. *See, e.g.*, *Sauers v. Comm'r of Internal Revenue*, 771 F.2d 64, 70 n.9 (3d Cir. 1985).

## III.

For the foregoing reasons, we will affirm the District Court's judgment and deny LVH's Rule 38 motion.