DLD-219                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4319
_____

CHRISTINE GILLESPIE,
Appellant

v.

MR. CLIFFORD JANEY, Individually and in his capacity as State District Superintendent,
N.P.S.; MR. RON HALE, Individually and in his capacity as Risk Manager, N.P.S.; MR.
PERRY LATTEBOUDERE, Esq., Individually, and in his capacity as counsel, N.P.S.; MS.
CHERRIE ADAMS, Esq., Individually, and in her capacity as counsel, N.P.S.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-00885)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: June 7, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Christine Gillespie appeals the District Court's denial of her motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(4) & (d).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008); see also Herring v. United States, 424 F.3d 384, 389 (3d Cir. 2005) (noting that a motion under the "savings clause" is an independent action subject to de novo review). For the reasons that follow, we will summarily affirm the judgment of the District Court.

In 2009, Gillespie filed a complaint in the United States District Court for the District of New Jersey alleging various violations of her constitutional, civil, and statutory rights arising from tenure charges filed against her by the School District of the City of Newark. On March 5, 2010, the District Court granted defendants' motion to dismiss, and we affirmed the dismissal on appeal. Gillespie v. Janey, 441 F. App'x 890 (3d Cir. 2011). On August 27, 2012, Gillespie filed a motion pursuant to Rule 60(b)(4) & (d) seeking to vacate the District Court's judgment. The District Court denied the motion, and this appeal ensued. Appellees have filed a motion for summary action.

Gillespie maintained that the judgment should be vacated pursuant to Fed. R. Civ. P. 60(d) ("the savings clause") because there has been a fraud on the court. Specifically, she asserts that in dismissing the complaint, the District Court relied on certain documents submitted to the Workers' Compensation Court which were fraudulent. We have set forth the demanding standard of proof required to demonstrate fraud upon the court including (1) an

---

[1] The "savings clause" on which Gillespie bases her motion, in part, was formerly contained within Fed. R. Civ. P. 60(b). Although she cites to that provision, Amendments in 2007 moved the savings clause provision to Fed. R. Civ. P. 60(d). Gillespie also quotes language from case law dealing with motions under Fed. R. Civ. P. 60(b)(5); however, that provision, which provides for relief from injunction or consent decrees, is inapplicable here.

intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. Herring v. United States, 424 F.3d 384, 386 (3d Cir. 2005). Gillespie clearly cannot meet this standard as the District Court dismissed the complaint on the grounds that the claims were either time-barred or premature; the allegedly fraudulent documents had no bearing on the propriety of the District Court's ruling.

A Rule 60(b)(4) motion on the grounds that a judgment is void may be brought at any time. See United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) (en banc). A judgment can be voided if the rendering court lacked personal or subject matter jurisdiction, or if it acted in a manner inconsistent with due process of law. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, -- , 130 S. Ct. 1367, 1377 (2010). Gillespie asserted that the District Court lacked subject matter jurisdiction over her complaint; however, her complaint included claims under the Americans with Disabilities Act, the Age Discrimination in Employment Act, and alleged violations of her constitutional rights. Accordingly, as we noted on appeal, the District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 &1343, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.[2] Gillespie also argued that the judgment had been voided by certain decisions of the Appellate Division of the New Jersey Superior Court. This is, in essence, an attack on the reasoning of the judgment, not on the authority of the District Court to render it. See Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000) (judgment is void if the "rendering court was powerless to enter it"). A judgment is not void merely because it is

---

[2] The motion to vacate our judgment in that appeal is denied. See Fed. R. Civ. P. 1. We note that we had jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. See Gillespie, 441 F. App'x at 893.

3

erroneous.  Espinosa, 130 S. Ct. at 1377.  Moreover, there is no merit to Gillespie's assertion that the "legal and factual landscape" of her case has changed; the majority of her claims remain time-barred.  Furthermore, many of her contentions are the same arguments which were rejected when her complaint was dismissed. [3]  Accordingly, because we find that the appeal presents no substantial question, we will summarily affirm the District Court's order entered October 19, 2012.  Appellant's motion for recusal is denied.

Finally, in denying the Rule 60 motion, the District Court noted that Gillespie had come "dangerously close . . . to filing a frivolous action" as her motion was a "waste of the Court's . . . [and] defense counsel's time" and admonished her that the "next time it is filed, fees will be imposed along with costs."  Tr. at 14-15.  Citing Gillespie's failure to heed that admonishment in filing this appeal, as well as her numerous related filings, Appellees have filed for damages and costs pursuant to Fed. R. App. P. 38.  Damages are awarded based on the merits of the appeal; we do not consider whether an appellant has acted "out of malice, ignorance, or deceit."  Beam v. Bauer, 383 F.3d 106, 108 (3d Cir. 2004).  While "pro se litigants are not [ ] beyond the reach of Rule 38," Marin v. Comm'r, 753 F.2d 1358, 1361 (6th Cir. 1985) (citation omitted), we are reluctant to impose sanctions on Gillespie.  Although we agree with Appellees that she has persisted in her misguided arguments, Appellees were able to use our summary action procedure to good effect and will not have to file a brief.  We note that the District Court's admonishment, as well as Appellees' motion and its attendant possible sanctions,

---

[3] Even assuming arguendo that the basis for the decision dismissing the complaint was invalidated by subsequent state decisional law, this is insufficient to warrant relief under Rule 60(b)(6) absent extraordinary circumstances not present here.  See Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001).

4

should serve as sufficient warning to Gillespie as to the potential consequences of similar filings in the future, including any frivolous post-decision motions in this appeal. The Rule 38 motion is, therefore, denied without prejudice. To the extent Appellees seek "an order temporarily suspending Appellant's access to the federal courts pending disposition of Appellees' summary action motion," the request is denied as moot.