CLD-118                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2661
_____

YONG CHUL SON,
                                        Appellant

v.

CITY OF PHILADELPHIA, PA; SEPTA TRANSPORTATION, PA;
GARY BROWNSTEIN, ESQ.; COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cv-04925)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2026
Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: May 18, 2026)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Yong Chul Son appeals *pro se* from the District Court's order denying his untimely motion for summary judgment. We will affirm.

This matter stems from the death of Son's mother in a 1987 bus accident in Philadelphia. Son retained an attorney to file a wrongful death and survival action, but counsel failed to timely prosecute the case. Son then hired Gary Brownstein, Esquire, in 1991 to file a malpractice complaint against his first attorney, whose lack of professional liability insurance significantly curtailed the recoverable award. Nonetheless, the parties negotiated a $50,000 settlement, which the Court of Common Pleas of Montgomery County approved in 2003. *See Son v. Bernard*, Civ. No. 1991-02009, Dkt. #49 (C.C.P. Montgomery Cnty.) (Mar. 7, 2003 order).

Son later grew dissatisfied with the settlement amount and came to believe that he was misled about how much the case was worth. He filed five nearly identical lawsuits in a variety of courts over the past decade against Attorney Brownstein, the City of Philadelphia, SEPTA, and the Common Pleas Court ("Defendants" or "Appellees"). The first four actions were dismissed in summary fashion as filed beyond the statute of limitations, for lack of jurisdiction or improper venue, on immunity grounds, or under the doctrine of *res judicata*.[1] Son commenced his latest lawsuit in September 2024 by filing a complaint in the United States District Court for the Eastern District of Pennsylvania. The District Court dismissed Son's initial pleadings for want of jurisdiction but gave him

---

[1] *See, e.g.*, *Son v. City of Phila.*, Civ. No. 2:16-cv-04011 (E.D. Pa.); *Son v. City of Phila.*, Civ. No. 2:17-cv-01641 (D.N.J.); *Son v. City of Phila.*, Civ. No. 1:23-cv-09541 (S.D.N.Y.); *Son v. Phila. Mayor's Office*, Civ. No. 2016-21973 (C.C.P. Montgomery Cnty.).

an opportunity to amend to cure the deficiency. Defendants moved to dismiss Son's amended complaint, and the District Court ordered him to respond. He did not. Consequently, on February 13, 2025, the court granted the motions as uncontested and dismissed the case with prejudice. Son did not appeal. Almost five months later, he moved for summary judgment. The District Court denied his motions as untimely and procedurally improper. Son now appeals from that order. SEPTA, for its part, has moved for summary affirmance and for an award of damages and costs.

We have jurisdiction under 28 U.S.C. § 1291. *See Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 678 (3d Cir. 1986) (*per curiam*) (noting that "[m]ost post-judgment orders are final decisions within the ambit of [Section] 1291 as long as the district court has completely disposed of the matter") (citation omitted). We consider only the District Court's order denying summary judgment,[2] and we review its denial on timeliness grounds for abuse of discretion. *Cf. Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010); *see id.* at 784-85 ("Rule 6(b) and *Lujan* [*v. National Wildlife Federation*, 497 U.S. 871 (1990),] require motions, untimely under the Rules, to be filed in accordance with the requirements of Rule 6(b)(1)(B). Thus a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer*

---

[2] Son's notice of appeal identifies that decision as the order he is seeking to appeal. But even if he had intended to challenge the District Court's dismissal orders, his notice of appeal is timely only as to the order denying summary judgment, and the court's post-judgment order does not bring up any of its prior orders for review. *See* Fed. R. App. P. 4(a)(1)(A); *cf. Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

3

factors, before permitting an untimely motion.") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).  Summary affirmance is warranted if the appeal fails to present a substantial question.  *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (*per curiam*).

The District Court did not abuse its discretion when it denied the untimely motions for summary judgment Son filed five months after his case was dismissed with prejudice.  Son did not appeal or otherwise seek reconsideration of the dismissal order, and he proffered no good reason to excuse his neglect and reopen the judgment under Federal Rule of Civil Procedure 60(b)(1).  *See Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007) (discussing standard).  His appeal does not present a substantial question.

To the extent that SEPTA requests relief under Rule 38, its motion is denied because that rule does not support the imposition of damages and costs under the circumstances.  Rule 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38.  Damages are awarded under Rule 38 based upon the merits of the appeal regardless whether an appellant has acted "out of malice, ignorance, or deceit." *Beam v. Bauer*, 383 F.3d 106, 108 (3d Cir. 2004).  We are summarily affirming, and we have not, and do not, certify that Son filed a frivolous appeal.  *Cf. Ball v. Famiglio*, 726 F.3d 448, 461-62 (3d Cir. 2013) (distinguishing dismissal as frivolous under the PLRA from other types of dismissals), *abrogated on other grounds by Coleman v. Tollefson*,

4

575 U.S. 532 (2015). That said, we warn Son that we may award damages and costs to Appellees if he files a frivolous appeal predicated on the same cause of action.

Accordingly, although we deny SEPTA's motion for damages and costs, we grant its motion for summary affirmance and we will affirm the judgment of the District Court.