AMENDED CLD-012

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3778
_____

IN RE:  AMBROSIO ROUSE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 1-13-cv-00065)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 17, 2014
Before: FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: November 12, 2014)
_____

OPINION[*]
_____

PER CURIAM

Ambrosio Rouse, proceeding pro se, seeks a petition for a writ of mandamus,

requesting that we assign a new judge to preside over his civil case in the United States

District Court for the Western District of Pennsylvania.  For the foregoing reasons, we

will deny the petition for a writ of mandamus.

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In January 2013, Rouse filed a complaint in the District Court, seeking to relitigate several employment discrimination cases that he had brought in Pennsylvania state court against his former employer, II-VI Incorporated. The District Court granted the defendants' motions to dismiss, and subsequently denied Rouse's timely motion for reconsideration and his motion for the recusal of Judge Schwab. Rouse then filed in this Court a document which was treated as both a mandamus petition and as an appeal. We denied the mandamus petition because Rouse did not provide any reason to question Judge Schwab's impartiality, and we summarily affirmed the District Court's judgment, agreeing that Rouse's claims were foreclosed by claim and issue preclusion, prohibited by the Rooker-Feldman doctrine, barred by judicial immunity, or untimely under the applicable statute of limitations. In re Rouse, C.A. No. 13-4233 (order entered June 10, 2014). In July and August 2014, Rouse filed motions seeking to reopen the District Court proceedings. The District Court denied those motions. Meanwhile, Rouse filed the present mandamus petition.[1]

Mandamus is an extraordinary remedy. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the

---

[1] Rouse has filed a "Motion for Clarification" whether his "submission is better suited as a mandamus petition or as an appeal." To the extent that Rouse seeks to have his mandamus petition treated as a notice of appeal, we deny the "Motion for Clarification." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (holding that mandamus is not a substitute for an appeal). We note that Rouse has recently filed an appeal from the District Court orders denying his attempts to reopen the case. Rouse v. II-VI Inc., C.A. No. 14-4038. Therefore, we will not address the arguments raised in Rouse's mandamus petition which challenge those District Court rulings which are the subject of that appeal. The respondents' motion for summary affirmance is denied.

2

circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quoting Cheney v. United States Dist. Court for D.C., 542 U.S. 367, 380-81 (2004)) (internal quotation marks omitted).  Mandamus is available "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."  Roche v. Evaporated Milk Ass'n., 319 U.S. 21, 26 (1943). Accordingly, our mandamus authority includes the power to order a District Court to recuse in accordance with 28 U.S.C. § 455.  See In re Antar, 71 F.3d 97, 101 (3d Cir. 1995); see also Alexander v.  Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993).

Under § 455(a), "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Because the purpose of this provision is "to promote public confidence in the integrity of the judicial process," it is not necessary for Rouse to show that Judge Schwab was actually biased.  See Clemmons v. Wolfe, 377 F.3d 322, 325 (3d Cir. 2004) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988)).  The test for recusal under § 455(a) is whether a reasonable person who is aware of all of the facts might reasonably question a judge's impartiality.  In re Kensington Int'l Ltd., 368 F.3d 289, 302 (3d Cir. 2004).  Adverse rulings alone generally do not constitute a sufficient basis for holding that a judge's impartiality is in doubt.  See Liteky v. United States, 510 U.S. 540, 555 (1994).

Rouse argues that Judge Schwab "usurp[ed] . . . judicial power," displayed a "pre-conceived deep-seated . . . antagonism" towards his claims, and "teamed up with [the

Magistrate Judge] and decided how they were going to rig this action against" him. In support of these assertions, Rouse relies only on adverse rulings made by Judge Schwab.[2] For instance, Rouse alleges that Judge Schwab "signal[ed] preferential treatment to the Defendants and deep seated bias and prejudice against Plaintiff" by "premature[ly]" granting the defendants' motions to dismiss.[3] He also contends that "Judge Schwab has time and time again admitted on the record that the rationale for dismissal of Petitioner's Complaint does not emanate from anything pleaded but, instead, from undefined 'threshold issues' not related to Plaintiff's averments." Rouse further asserts that Judge Schwab, because of "clear bias and prejudice[,] . . . failed to apply, follow and render [a] decision according to established rules of court and controlling precedent." Because these allegations pertain solely to Rouse's "displeasure with legal rulings," they fail to set forth a reasonable basis for questioning Judge Schwab's impartiality. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Accordingly, we will deny the mandamus petition. As noted above in footnote 1, we deny Rouse's "Motion for Clarification. " We also deny his Motion for "extension of time to file a notice of appeal or . . . a Stay pending clarification . . . and disposition by a merit panel."

---

[2] To the extent that these allegations are identical to those rejected in Rouse's prior mandamus petition, we may not consider them. See In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998) (stating that the law of the case doctrine precludes review of those legal issues that the Court in a prior appeal actually decided).

[3] In particular, Rouse complains that Judge Schwab sought to "spare the Defendants from embarrassment" by entering a dispositive order before the expiration of the defendants' time to respond to Rouse's objections to the Magistrate Judge' Report and Recommendation.

4