**BLD-252**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-4038

———————

AMBROSIO ROUSE,
                                        Appellant

v.

II-VI INCORPORATED; BRUCE GLICK, Individual Capacity; CSABA SZELES,
Individual Capacity; SAMUEL J. PASQUARELLI, Individual Capacity; BEVERLY A.
BLOCK, Individual Capacity; FRANCIS KRAMER, Individual Capacity; CARL J.
JOHNSON, Individual Capacity; JUDGE MARILYN J. HORAN, Individual Capacity;
JUDGE CHERYL LYNN ALLEN, Individual Capacity; JUDGE SALLIE UPDYKE
MUNDY, Individual Capacity; JUDGE CORREALE F. STEVENS, Individual Capacity;
JOHN L. MUSMANNO, Individual Capacity

———————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 13-cv-00065)
District Judge:  Honorable Arthur J. Schwab

———————————————————————

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

June 25, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed:  July 6, 2015)

———————

OPINION[*]

_____

PER CURIAM

Ambrosio Rouse appeals pro se from orders of the United States District Court for the Western District of Pennsylvania, which, inter alia, denied his motion to reopen his civil action and his motion for reconsideration of that order. We will affirm the District Court's judgment.

In January 2013, Rouse filed a complaint in the District Court, seeking to relitigate several employment discrimination cases that he had brought in Pennsylvania state court against his former employer, II-VI Incorporated. His federal complaint added civil conspiracy allegations against the attorneys and state court judges who were involved in those cases. On August 26, 2013, the District Court granted the defendants' motions to dismiss and, in a separate order, denied three then-pending motions that had been filed by Rouse. After the District Court denied his motion for reconsideration, Rouse appealed. We summarily affirmed, concluding that Rouse's claims were foreclosed by claim and issue preclusion, barred by judicial immunity, and untimely under the applicable statute of limitations.[1] In re Rouse, C.A. No. 13-4233 (order entered June 10, 2014).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] At the same time, we also denied a mandamus petition in which Rouse sought to challenge Judge Schwab's denial of his motion for recusal.

2

Shortly thereafter, Rouse filed in the District Court a motion to reopen the proceedings. The District Court denied that motion on July 31, 2014, citing the law of the case doctrine. Undeterred, Rouse filed "Exceptions" to that order on August 25, 2014, arguing that "the merits of [his] Fourteenth Amendment Rights to Due Process and Equal Protection . . . have yet to be considered and properly disposed of on the merits by any order rendered so far in this instant action." By order entered August 28, 2014, the District Court stated that "to the extent that [Rouse's] 'Exceptions' is another motion to reconsider, said 'Motion' . . . is DENIED." Rouse filed a notice of appeal on September 29, 2014, seeking review of (1) the orders granting the defendants' motions to dismiss, denying Rouse's three then-pending motions, and denying his motion for reconsideration (the 2013 orders), (2) the order denying his motion to reopen, and (3) the order denying his "Exceptions."[2]

We have jurisdiction under 28 U.S.C. § 1291. The Appellees participating in this appeal have filed a joint motion to summarily affirm, which Rouse opposes. The Appellees have also filed a motion to award damages and costs under Federal Rule of Appellate Procedure 38.

---

[2] Rouse's notice of appeal also identified a case management order that was entered in the case in error, removed from public view, and redocketed in the correct case. We conclude that the District Court did not abuse its discretion in entering this order. ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 268 (3d Cir. 2012) ("We . . . review a district court's decisions regarding . . . case management for abuse of discretion.").

3

To the extent that Rouse seeks to challenge the 2013 orders, we will not consider his claims because we have already affirmed the District Court's decisions. See Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty., 112 F.3d 652, 663 (3d Cir. 1997) (stating that law-of-the-case doctrine "bars our reconsideration of issues previously resolved by an earlier panel."). In addition, the District Court properly denied Rouse's motion to reopen. According to Rouse, reopening was warranted because the August 2013 order granting the defendants' motions to dismiss did not comply with the separate judgment requirement of Federal Rule of Civil Procedure 58(a). But even if Rule 58(a) was not satisfied, reopening for entry of a separate judgment would not benefit Rouse because, as noted above, he may not appeal again from the order granting the defendants' motions to dismiss. Leslie Salt Co. v. U.S., 55 F.3d 1388, 1392 (9th Cir. 1995) (stating that "one panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case."). Finally, the District Court did not abuse its discretion in denying Rouse's "Exceptions," which essentially sought reconsideration of the order denying reopening. Rouse did not cite any intervening change in the controlling law, produce any new evidence that was not available, or show the need to correct a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

4

For the foregoing reasons, we will grant the Appellees' motion to summarily affirm the District Court's orders. <u>See</u> 3d Cir. LAR 27.4; I.O.P. Ch. 10.6. The Appellees' motion to award attorneys' fees and costs under Rule 38 is denied.