ALD-353                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1143
_____

AMBROSIO ROUSE,
                        Appellant

v.

II-VI INCORPORATED;
BRUCE GLICK, individual capacity;
CSABA SZELES, individual capacity;
SAMUEL J. PASQUARELLI, individual capacity;
BEVERLY A. BLOCK, individual capacity;
FRANCIS J. KRAMER, individual capacity;
CARL J. JOHNSON, individual capacity;
JUDGE MARILYN J. HORAN, individual capacity;
JUDGE CHERYL LYNN ALLEN, individual capacity;
JUDGE SALLIE UPDYKE MUNDY, individual capacity;
JUDGE CORREALE F. STEVENS, individual capacity;
JUDGE JOHN L. MUSMANNO, individual capacity

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-00065)
District Judge: Honorable Arthur J. Schwab

_____

Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2016
Before: AMBRO, SHWARTZ, and NYGAARD, Circuit Judges

(Opinion filed: July 26, 2016)

_____

OPINION[*]

_____

PER CURIAM

Ambrosio Rouse appeals *pro se* from orders of the United States District Court for the Western District of Pennsylvania, which, inter alia, denied his motion to reopen his civil action and his petition for a preliminary injunction. We will affirm the District Court's judgment.

In January 2013, Rouse filed a complaint in the District Court, seeking to relitigate several employment discrimination cases that he had brought in Pennsylvania state court against his former employer, II-VI Incorporated. His federal complaint added civil conspiracy allegations against the attorneys and state court judges who were involved in those cases. On August 26, 2013, the District Court granted the defendants' motions to dismiss and, in a separate order, denied three then-pending motions that had been filed by Rouse. After the District Court denied his motion for reconsideration, Rouse appealed. We summarily affirmed, concluding that Rouse's claims were foreclosed by claim and issue preclusion, barred by judicial immunity, and untimely under the applicable statute of limitations.[1] In re Rouse, C.A. No. 13-4233 (order entered June 10, 2014).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] At the same time, we also denied a mandamus petition in which Rouse sought to challenge Judge Schwab's denial of his motion for recusal.

Shortly thereafter, Rouse filed in the District Court a motion to reopen the proceedings. The District Court denied that motion, citing the law of the case doctrine. Rouse filed "exceptions" to that order. By order entered August 28, 2014, the District Court denied Rouse's exceptions. Rouse filed a notice of appeal. We again summarily affirmed, concluding that the District Court did not abuse its discretion in denying the motion to reopen as there was no change in controlling law, new evidence, or a need to correct a clear error of law. Rouse v. II-VI Inc., 609 F. App'x 62, 64 (3d Cir. 2015) (nonprecedential opinion), cert. denied, 136 S. Ct. 588 (2015). We also denied Appellees' motion for fees and costs pursuant to Federal Rule of Appellate Procedure 38. Rouse also filed a mandamus petition, which we denied. We concluded that Rouse's allegations pertained solely to his displeasure with legal rulings and failed to set forth a reasonable basis for questioning Judge Schwab's impartiality. In re Rouse, 582 F. App'x 132 (3d Cir. 2014) (nonprecedential opinion).

On December 11, 2015, Rouse filed a motion to reopen, asking the District Court to consider his complaint and rule on all of his causes of actions. Rouse also filed a motion for preliminary injunction, alleging that the Pennsylvania Superior Court violated his rights under 42 U.S.C. § 1981 by denying his request for publication of an opinion of the court. The District Court denied both motions, holding that they were foreclosed by claim and issue preclusion, barred by judicial immunity, and were untimely under the statute of limitations.

Rouse filed a notice of appeal on January 19, 2016, seeking review of (1) the orders denying Rouse's motions for a hearing, to extend the time limit for service, for a

3

hearing on the propriety of judicially noticed facts, for recusal, and for reconsideration, as well as the order dismissing the complaint ("the 2013 orders"), (2) the orders denying Rouse's motions for reconsideration and to reopen (the 2014 orders), and (3) the order denying Rouse's motions to reopen and for a preliminary injunction entered on December 17, 2015. Appellees filed a filed a joint motion to summarily affirm, which Rouse opposes. Appellees have also filed a separate motion to award damages and costs under Federal Rule of Appellate Procedure 38, which Rouse opposes.

We have jurisdiction under 28 U.S.C. § 1291 of Rouse's appeal of the District Court's December 17, 2015, order. However, we lack jurisdiction over Rouse's appeals of the 2013 orders and the 2014 orders as the notice of appeal was untimely filed as to them. Fed. R. App. P. 4(a)(1)(A) ("[i]n a civil case, … the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). Moreover, no party filed any timely post-judgment motion as enumerated in Rule 4(a)(4)(A), and, thus, no exception to this rule applies.

Rouse's December 2015 motions to reopen and for injunctive relief were predicated on claims previously addressed by this Court. As we have indicated previously, the law-of-the-case doctrine generally bars reconsideration of issues already resolved. See Atl. Coast Demolition & Recycling, Inc. v. Bd. of Chosen Freeholders of Atl. Cnty., 112 F.3d 652, 663 (3d Cir. 1997). The traditional exceptions to the law-of-the-case doctrine, an intervening change in the controlling law, new evidence that was not available, or a need to correct a clear error of law, do not apply here. Id. at 663; see Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). Accordingly, there

4

is nothing that calls into doubt our previous determination that the judicial defendants are immune from liability, Stump v. Sparkman, 435 U.S. 349, 356 (1978); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam), that the claims are foreclosed by claim and issue preclusion, see Burlington N. R.R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1231 (3d Cir. 1995), and that the claims are untimely under the applicable statute of limitations, Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

Turning to Appellees' motion to award damages and costs, Rule 38 allows, but does not require, us to award damages and costs to appellees where an appeal is frivolous. Fed. R. App. P. 38. For purposes of Rule 38, an appeal is frivolous when, viewed objectively, it is wholly without merit, i.e. when there is no "colorable argument" in support of the appeal. Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs., 951 F.2d 1399, 1413 (3d Cir. 1991); Huck v. Dawson, 106 F.3d 45, 52 (3d Cir. 1997). Awards under Rule 38 are based on the merits of the appeal; we do not consider whether an appellant has acted "out of malice, ignorance, or deceit." Beam v. Bauer, 383 F.3d 106, 108 (3d Cir. 2004). Rule 38 serves "to make whole a party victimized by needlessly having to expend money for attorney's fees to protect a valid judgment from a baseless attack." Id.

For the reasons we have just detailed, Rouse's appeal is objectively frivolous. See Beam, 383 F.3d at 108-09. Rouse had ample notice that this appeal had no merit. The District Court in denying Rouse's motion for leave to appeal in forma pauperis clearly explained that an appeal was without merit and not taken in good faith. See Kerchner v. Obama, 612 F.3d 204, 210 (3d Cir. 2010) ("[i]n the past, we cautioned counsel that a

5

finding by a District Court that a lawsuit is frivolous should serve as notice to the parties and their attorney to exercise caution, pause, and devote additional examination to the legal validity and factual merit of his contentions.") (internal quotations and citation omitted). In addition, Rouse failed to heed either the District Court's conclusion that his assertions were "nonsense" or our own previous dismissals of his appeals. For the third time since we affirmed the District Court's original decision, Rouse comes to this Court expressing his displeasure with legal rulings but fails to present any colorable argument for reviewing them. We note, too, that Rouse was put on notice of the possibility of an award for damages and fees in this case when the Appellees requested sanctions after Rouse's previous appeal.

Proponents of sanctions shoulder an obligation to mitigate the harm from frivolous appeals. Berwick Grain Co. v. Ill. Dep't of Agric., 217 F.3d 502, 506 (7th Cir. 2000) (citation omitted). Appellees have requested nearly $6,000 in attorney's fees for preparing a single motion. Although this motion was not required, Appellees were able to use our summary action procedure to good effect and will not have to file a brief. See Local Appellate Rule 27.4(b); Fed. R. App. P. 27(a)(2)(C). Taking into account Rouse's status as a *pro se* litigant, we believe that the requested amount is not just under the circumstances.[2] However, because we do not wish to reward this frivolous appeal, we will pare down, rather than eliminate, the Appellees' damages. See Berwick Grain Co., 217 F.3d at 506.

---

[2] Rouse does not challenge the amount of damages requested, only the propriety of the sanction.

For the foregoing reasons, we will grant the Appellees' motion to summarily affirm the District Court's order.  <u>See</u> 3d Cir. LAR 27.4; I.O.P. Ch. 10.6.  We also grant the motion for Rule 38 damages in the amount of $1,000.00.